IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MIELO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> BOB EVANS FARMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 2:14-CV-01036-AJS ) ) ) ) ) ) |

## ANSWER

Now comes Defendant, Bob Evans Farms, LLC[1] ("Defendant"), an Ohio limited liability company, by and through counsel, and for its Answer to Plaintiff Christopher Mielo's ("Plaintiff") Class Action Complaint ("Complaint"), makes the following admissions, denials, and other averments:

1. Defendant admits only that Plaintiff purports to bring this case individually and on behalf of a class of individuals enumerated in Paragraph 1 of Plaintiff's Complaint. Defendant denies the allegations contained in Paragraph 1 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted.

2. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint. Accordingly, it denies the same.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant asserts that Paragraph 5 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with

---

[1] Named Defendant, Bob Evans Farms, Inc., is now known as Bob Evans Farms, LLC.

Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint not specifically admitted to be true.

6. Defendant asserts that Paragraph 6 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint not specifically admitted to be true.

7. Defendant asserts that Paragraph 7 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint not specifically admitted to be true.

8. Defendant asserts that Paragraph 8 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted to be true.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that, based on the allegations in Plaintiff's Complaint, jurisdiction is proper in this Court. Defendant denies any allegation or inference of wrongdoing in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that, based on the allegations in Plaintiff's Complaint, jurisdiction is proper in this district. Defendant denies any allegation or inference of wrongdoing in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that, based on the allegations in Plaintiff's Complaint, venue is proper in this district. Defendant denies any allegation or inference of wrongdoing in Paragraph 14 of Plaintiff's Complaint.

15. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint. Accordingly, it denies the same.

16. Defendant admits that its parent company, Bob Evans Farms, Inc., is a Delaware corporation. Defendant Bob Evans Farms, LLC, is an Ohio limited liability company.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint. Accordingly, it denies the same.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint. Accordingly, it denies the same.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits only that Plaintiff purports to bring this case individually and on behalf of a class of individuals enumerated in Paragraph 25 of Plaintiff's Complaint. Defendant denies the allegations contained in Paragraph 25 and specifically denies that any class as defined in Plaintiff's Complaint exists or is properly constituted.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. In response to Paragraph 31 of the Complaint, Defendant hereby incorporates and restates its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully rewritten herein.

32. Defendant admits that some of its facilities were altered, designed or constructed after the effective date of the ADA. Defendant denies any allegation or inference of wrongdoing in Paragraph 32 of Plaintiff's Complaint.

33. Defendant asserts that Paragraph 33 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint not specifically admitted to be true.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant asserts that Paragraph 36 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 36 of Plaintiff's Complaint not specifically admitted to be true.

37. Defendant asserts that Paragraph 37 of Plaintiff's Complaint purports to state legal conclusions to which no responsive pleading is required; further asserts that the Americans with Disabilities Act (ADA) speaks for itself; additionally asserts that to the extent said Paragraph purports to state a claim by implication or inference, it does not properly assert allegations to which responsive pleading is required; and denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint not specifically admitted to be true.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

42. Defendant denies each and every allegation in Plaintiff's Complaint which is not expressly admitted herein as true.

**FIRST DEFENSE**

43. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

44. Plaintiff failed to properly serve his Complaint on Defendant or Defendant's statutory agent.

**THIRD DEFENSE**

45. Plaintiff lacks standing to assert the claims set forth in the Complaint and, to the extent he has standing to bring his Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in his Complaint and any alleged barriers for which he has failed to explain how they impaired his ability to access the premises or impaired his alleged enjoyment of the same.

**FOURTH DEFENSE**

46. Plaintiff is estopped from recovering any relief against Defendant.

**FIFTH DEFENSE**

47. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or notice requirements.

**SIXTH DEFENSE**

48. Plaintiff's claims are barred to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies, and to the extent Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statute(s), rule(s), and/or act(s).

**SEVENTH DEFENSE**

49. Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, unjust enrichment, laches, waiver, and any other equitable defense. Without limitation, upon information and belief, Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at these premises. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to the premises prior to initiating this lawsuit.

**EIGHTH DEFENSE**

50. Before filing his Complaint, Plaintiff failed to provide notice to the Defendant of any barriers to his access to or use of the premises in question, or give Defendant an opportunity to cure any deficiencies, and therefore he cannot be entitled to compensatory or punitive damages, injunctive relief, or reimbursement for his attorney fees.

**NINTH DEFENSE**

51. The modifications demanded by Plaintiff would place an undue burden on Defendant and, therefore, are not required by any statute, rule, or regulation.

**TENTH DEFENSE**

52. The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff are not readily achievable, and therefore are not required by any statute, rule, or regulation.

**ELEVENTH DEFENSE**

53. The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff are not technically feasible.

**TWELFTH DEFENSE**

54. Plaintiff's claims are barred to the extent discovery shows that the changes he seeks are, or will be, moot.

**THIRTEENTH DEFENSE**

55. Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendant and, if he visited the premises, he visited solely for purposes of initiating the instant litigation.

**FOURTEENTH DEFENSE**

56. Plaintiff has not been denied the full and safe access to all of the benefits, accommodations and services of the subject facility.

**FIFTEENTH DEFENSE**

57. Upon information and belief, Plaintiff was provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities, and services at the property.

**SIXTEENTH DEFENSE**

58. Defendant reserves the right to assert any additional defenses that may become available to it throughout this litigation.

WHEREFORE, Defendant, Bob Evans Farms, LLC, respectfully requests that Plaintiff's Complaint be dismissed in its entirety, and that it recover costs herein expended, including reasonable attorney fees.

DATED: August 29, 2014

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

/s/ Melissa McCoy Gormly
Melissa McCoy Gormly (Pa. I.D. 93663)
500 Grant Street, Suite 4900
Pittsburgh, Pennsylvania 15219-2502
(412) 904-7703
(412) 904-7803 – facsimile
mmgormly@vorys.com

*Of Counsel:*
Mark A. Knueve (OH. #0067074)*
Michael J. Shoenfelt (OH. #0091154)*
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387
(614) 464-4808 – facsimile

*Attorneys for Defendant*
*\*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this 29th day of August, 2014. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

>R. Bruce Carlson, Esq.
>Stephanie Goldin, Esq.
>CARLSON LYNCH LTD
>PNC Park
>115 Federal Street, Suite 210
>Pittsburgh, PA 15212
>bcarlson@carlsonlynch.com
>sgoldin@carlsonlynch.com

>/s/ Melissa McCoy Gormly
>Melissa McCoy Gormly

8/28/2014 20039614 V.2